DAVID N. WOLF (6688)
LANCE SORENSON (10684)
JASON DUPREE (17509)
JORDEN W. TRUMAN (19718)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
Telephone: (385) 584-6509
dnwolf@agutah.gov
lancesorenson@agutah.gov
jndupree@agutah.gov
jwtruman@agutah.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE KURT VONNEGUT ESTATE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ATTORNEY GENERAL DEREK BROWN, in his official capacity as Attorney General for the State of Utah, et al. <br><br> *Defendants*. | **DEFENDANTS' PARTIAL OBJECTION TO PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM** <br><br> Case No. 2:26-cv-00010 <br><br> Magistrate Judge Cecilia Romero |

Defendants, by and through counsel, partially object to Plaintiffs' Motion for Leave to Proceed under a Pseudonym (the "Motion"). The Motion first requests the Court to order that the Student Plaintiffs and their parent representatives may proceed under pseudonyms. Defendants do not object to that request.

The Motion, however, goes further by asking the Court to enter an order: "requiring any party filing materials containing potentially identifiable information about the Student Plaintiffs or their parents to redact or file such materials under seal," and "prohibiting the disclosure of

potentially identifiable information about the Student Plaintiffs except and only as necessary to reasonably litigate this case."[1]

This latter request for an order governing redactions and disclosure is improper here because those are issues to be addressed in a protective order. As to Plaintiffs' request for an order governing redactions, the Local Rules provide for what information needs to be redacted from court filings, and provide that further redactions should be addressed through a protective order. And as to Plaintiffs' request governing disclosure of information, the purpose of protective orders is to govern disclosure of sensitive information. A protective order is therefore the proper mechanism to address Plaintiffs' requests. Furthermore, Plaintiffs have not proffered a definition of "potentially identifiable information," which is vague.

The Court should therefore deny the Motion as to those two latter requests. The Court should enter an order allowing Student Plaintiffs and their parent representatives to proceed pseudonymously, and nothing further. This objection is accompanied by a proposed order.

## ARGUMENT

1. <u>Plaintiffs' requested order regarding redactions and potentially identifiable information is procedurally improper</u>

Local Rule 10-2 provides that if "a party seeks to proceed under a pseudonym, the party must contemporaneously file . . . a Motion to Proceed Under a Pseudonym, which uses the pseudonym and includes the justification for the use of a pseudonym under applicable law." The rule does not contemplate, nor authorize, any type of requested relief other than proceeding pseudonymously. That is why, in addressing motions to proceed under a pseudonym, this Court orders that a party may proceed pseudonymously, and orders nothing further. *M.V. v. United*

---

[1] Pls.' Mot., ECF No. 5, at 3.

*Healthcare Ins. Co.*, No. 2:23-CV-00459-JNP-JCB, 2025 WL 463308, at *2 (D. Utah Feb. 11, 2025) ("the court concludes that Plaintiffs should be permitted to proceed anonymously"); *Elizabeth M. v. Premera Blue Cross*, No. 4:25-CV-00021-AMA-PK, 2025 WL 934506, at *2 (D. Utah Mar. 27, 2025) (same).

Here, Plaintiffs' Motion goes beyond requesting to proceed under a pseudonym. Plaintiffs request a Court order governing redaction of information in filings (and Plaintiffs appear to be asking for an order requiring redaction of more than just names) and an order governing disclosure of information throughout the entire case. Plaintiffs' requested order is improper and should be denied.

2. <u>Plaintiffs' request for redactions for "potentially" identifiable information is vague and should be addressed in a protective order</u>

Defendants object to Plaintiffs' request for the Court to enter an order "requiring any party filing materials containing potentially identifiable information about the Student Plaintiffs or their parents to redact or file such materials under seal." This relief is improper because this is a matter to be addressed in a protective order. Moreover, Plaintiffs have not proffered a definition of "potentially identifiable information" nor shown good cause why all such "potentially" identifiable information should be redacted.

The Local Rules provide for a narrow scope of redaction and provide that further redactions should be addressed through a protective order. Local Rule 5.2-1 provides that a party "must redact the personal identifiers listed in Fed. R. Civ. P. 5.2(a) in every court filing." The personal identifiers listed in Rule 5.2(a) are "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Local Rule 5.2-1(b)(1) contemplates that if a party wants other

3

information to be redacted from public filings, a "protective order entered under Fed. R. Civ. P. 26(c) may include a redaction requirement for public filings."

Plaintiffs appear to ask the Court to enter an order requiring redaction of information beyond the identifiers listed in Rule 5.2(a). Therefore, as contemplated by the Local Rules, the proper mechanism to address this issue is through a protective order. Parties generally meet and confer regarding a proposed protective order, then file a motion for the Court to enter a protective order. A motion to proceed pseudonymously is an improper vehicle to request such relief.

That is particularly so here, where Plaintiffs request the Court order redaction of all "potentially identifiable information." Plaintiffs have not defined that vague term, which is distinct from *personally* identifiable information. Plaintiffs seek to require redaction beyond actual personally identifiable information and instead seek to require redaction of *potentially* identifiable information. Plaintiffs have not explained what information is to be included in that ambiguous term. Because Plaintiffs have failed to do so, neither the Court nor Defendants are able to evaluate the implications of the scope of Plaintiffs' request. Plaintiffs' request should be denied.

3. <u>Plaintiffs' request for a Court to enter an order governing disclosure of information should be denied</u>

Defendants object to Plaintiffs' request for the Court to enter an order "prohibiting the disclosure of potentially identifiable information about the Student Plaintiffs except and only as necessary to reasonably litigate this case." Plaintiffs are requesting an order governing the disclosure of information in this case. That is the purpose of a protective order. Plaintiffs' request should therefore be addressed through a protective order, not a motion to proceed pseudonymously.

Under Federal Rule of Civil Procedure 26(c), a court may, for "good cause," issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The protective order may contain conditions, such as requiring that certain information produced in discovery not be revealed publicly or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(A)-(H). The purpose of a "protective order is to ensure information designated by a party as confidential is protected from disclosure outside the litigation and used only for purposes of prosecuting or defending the action (and any appeals)." *Norman v. Town & Country Heating & Air Conditioning Co.*, No. 2:24-CV-02537-KHV-TJJ, 2025 WL 974261, at *2 (D. Kan. Apr. 1, 2025).

The scope of a protective order must "be narrowly tailored and not overbroad, and must include a sufficiently narrow identification of the categories of . . . information . . . that are subject to the protective order." *Id.* (cleaned up). Here, Plaintiffs have not identified (let alone narrowly identified) what information constitutes "potentially identifiable information." Plaintiffs also seek to prohibit disclosure of all "potentially identifiable information," even if that information is publicly available. Such a restriction goes beyond the proper scope of a protective order. *Id.* ("the Protective Order Guidelines prohibit the parties from including in the protective order 'information or documents that are available to the public or that have not been previously maintained in a confidential manner.'"); *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 387 (D. Colo. 2000) ("A protective order, of course, prevents only the disclosure of information obtained solely as the result of court sanctioned discovery. A party is free to disseminate as it wishes information lawfully obtained through other means.").

5

Plaintiffs' broad requested relief will affect how the parties conduct discovery and gather information from potential witnesses. Plaintiffs' requested relief should be addressed through a protective order. The Court should therefore deny Plaintiffs' request.

## CONCLUSION

For the reasons stated above, the Court should enter an order allowing the Student Plaintiffs and their parent representatives to proceed pseudonymously, and nothing further. This objection is accompanied by a proposed order.

DATED: January 21, 2026

/s/ Jason Dupree
JASON DUPREE
Assistant Utah Attorney General
*Counsel for Defendants*