DAVID N. WOLF (6688)
LANCE SORENSON (10684)
JASON DUPREE (17509)
JORDEN W. TRUMAN (19718)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
Telephone: (385) 584-6509
dnwolf@agutah.gov
lancesorenson@agutah.gov
jndupree@agutah.gov
jwtruman@agutah.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| THE KURT VONNEGUT ESTATE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ATTORNEY GENERAL DEREK BROWN, in his official capacity as Attorney General for the State of Utah, et al.<br><br>*Defendants*. | **DEFENDANTS' PARTIAL OBJECTION TO PLAINTIFFS' MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Case No. 2:26-cv-00010<br><br>Magistrate Judge Cecilia Romero |

Defendants partially object to Plaintiffs' Motion for Supplemental Protective Order (ECF No. 93) (the "Motion"). Plaintiffs seek to supplement the Court's Standard Protective Order with an order protecting "personally identifying information" of any Student Plaintiff. Defendants do not object to Plaintiffs' request to consider the Student Plaintiffs' non-public personally identifying information as confidential information under the Court's Standard Protective Order ("SPO").

The Motion, however, goes further by proposing that "personally identifying information" means *any* non-public information that *could* reasonably be used to identify any Student Plaintiff, either directly or indirectly, including through information that identifies a parent representative *or other individual* in a manner that would reasonably permit identification of a Student Plaintiff. Plaintiffs include expansive and vague examples of personally identifying information, such as the name of a closely-associated person, and "*any* other non-public information of similar specificity that *could* reasonably permit identification of a Student Plaintiff." These proposed provisions are overly broad and vague. The Court should decline to enter such a protective order.

Plaintiffs also propose that personally identifying information "may be disclosed only to the parties and their counsel." This provision is overly restrictive, and Plaintiffs have made no argument why such a restriction on disclosure is necessary. A mandate that personally identifying information may be only disclosed to parties and their counsel contravenes the SPO, and limits Defendants' ability to gather evidence, talk to witnesses, and engage experts. The Court should deny the Motion as to this request.

Instead, this Court should enter an order that Student Plaintiffs' non-public personally identifying information be considered CONFIDENTIAL INFORMATION as defined by the

1

Court's Standard Protective Order. This Court should further order that the parties and counsel may share Student Plaintiffs' personally identifying information with: 1) All individuals identified in Paragraph (B)(1) of the Standard Protective Order; and 2) all witnesses, records custodians, and other individuals with facts and information related to the case who would likely already know the identity of a Student Plaintiff or family.

This objection is accompanied by a proposed order.

## BACKGROUND

Local Rule 26-2 states that the "Standard Protective Order, available on the court's website, applies in every case involving the disclosure of any information designated as confidential, unless the court orders otherwise." The Court's SPO provides that certain types of information may be designated as confidential. The SPO further provides that confidential information may be disclosed to a technical adviser, which includes an outside expert, consultant, or investigator, if that person signs an Acknowledgment and Agreement to be Bound.

Plaintiffs filed a Motion for Supplemental Protective Order, seeking to add restrictions to the Court's SPO.[1] Plaintiffs' Motion seeks the Court order that the Student Plaintiffs' personally identifying information is protected from public disclosure. Plaintiffs assert that they "seek[] a narrowly tailored Supplemental Protective Order."[2] But Plaintiffs' proposed protective order is not narrowly tailored. Plaintiffs propose the Court order that "personally identifying information ('PII') means *any* non-public information that *could* reasonably be used to identify any Student Plaintiff, either directly or indirectly, including through information that identifies a parent

---

[1] Pls.' Mot. for Supp. Protective Order, ECF No. 93.
[2] *Id.* at 2.

representative *or other individual* in a manner that would reasonably permit identification of a Student Plaintiff."[3]

Plaintiffs specifically propose that the possible categories of information encompassed is without limitation.[4] Plaintiffs include expansive and vague examples of personally identifying information, such as the name of a "closely-associated person," and "*any* other non-public information of similar specificity that *could* reasonably permit identification of a Student Plaintiff."[5] This broad language does not put Defendants on notice of what would be impermissible.

Further, Plaintiffs' Motion does nothing to justify why such a broad protective order is necessary. In fact, Plaintiffs do not address the specific language of their proposed protective order at all. Yet Plaintiffs concede that "personally identifying information" encompasses wide-ranging forms of documents and information, such as "contextual factual material."[6]

Plaintiffs' proposed order also seeks to restrict disclosure beyond the SPO's provisions. Plaintiffs propose that personally identifiable information "may be disclosed only to the parties and their counsel."[7] Plaintiffs' Motion does not explain the justification for such restriction.

## LEGAL STANDARD

A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... [or which] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26 also provides that "for good cause

---

[3] Pls.' Proposed Supp. Protective Order, ECF No. 93-1, at 2 (emphases added).
[4] *See id.* ("PII includes, by way of example and *not limitation*") (emphasis added).
[5] *Id.* (emphases added).
[6] Pls.' Mot. for Supp. Protective Order at 4.
[7] Pls.' Proposed Supp. Protective Order at 3.

3

shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

"The party seeking a protective order has the burden to demonstrate good cause." *Fears v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-2515-JWL, 2000 WL 715819, at *1 (D. Kan. May 30, 2000). "The good cause standard of 26(c) is not met by conclusory statements." *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 512 (D. Colo. 2009). Rather, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981).

Further, the Court is required to consider the public interest in assessing the appropriateness of a protective order. *See Landco*, 259 F.R.D. at 512; *Byrnes* v. *Empire Blue Cross Blue Shield*, No, 98 Civ. 8520 BSJ MHD, 2000 WL 60221, at *1 (S.D.N.Y. Jan. 25, 2000) ("court must balance . . . the recognized federal common-law interest of the public in access to court proceedings."). Here, Plaintiffs concede that there is a strong public interest "surrounding the issues in this case."[8]

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *see also McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31 (10th Cir. 2022) ("There is a longstanding common-law right of public access to judicial records."). This "fundamental" right preserves the integrity of the judicial processes "by allowing the public to see how courts make their decisions." *McWilliams*, 40 F.4th at 1130 (quoting *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020)). As a result, "there is a

---

[8] Pls.' Mot. for Supp. Protective Order at 4.

strong presumption in favor of public access" to documents filed on the court's docket. *United States v. Cushing*, 10 F.4th 1055, 1082 (10th Cir. 2021).

**ARGUMENT**

1.  <u>Plaintiffs' proposed protective order is overbroad and vague</u>

Plaintiffs' proposed protective order is overbroad and vague. The "scope of the protective order" must "be narrowly tailored and not overbroad, and must include a sufficiently narrow identification of the categories of documents, information, items, or materials . . . that are subject to the protective order." *Norman v. Town & Country Heating & Air Conditioning Co.*, No. 2:24-CV-02537-KHV-TJJ, 2025 WL 974261, at *2 (D. Kan. Apr. 1, 2025) (cleaned up).

Plaintiffs' proposed order is not narrowly tailored, nor does include a sufficiently narrow identification of the categories of information that is considered personally identifying information. Plaintiffs propose that "personally identifying information" means "*any* non-public information that *could* reasonably be used to identify any Student Plaintiff, either directly or indirectly, including through information that identifies a parent representative." Plaintiffs seek to include more than just information that does or will identify a Student Plaintiff. And Plaintiffs seek to include not just information that plausibly will identify a Student Plaintiff. Plaintiffs seek to include any information that has a mere possibility of identifying a Student Plaintiff. Plaintiffs' proposal contains no sufficient guardrails to draw the line at what "could" identify someone. Plaintiffs' proposed protective order is overbroad.

Plaintiffs' proposed protective order also includes categories of personally identifying information that are not narrowly tailored. Plaintiffs propose that personally identifying information includes "information that identifies . . . [an]other individual in a manner that would reasonably permit identification of a Student Plaintiff." Plaintiffs further propose that personally

5

identifying information includes the name of a "closely-associated person." These are not a narrowly defined categories of individuals. So, not only are Plaintiffs requesting to protect information about the Student Plaintiffs, Plaintiffs are requesting to protect information of a wide-ranging category of persons, who are not specifically identified at this time.

Finally, Plaintiffs seek to include a catch-all without limits: "*any* other non-public information of similar specificity that *could* reasonably permit identification of a Student Plaintiff." "As written, the proposed protective order would protect any and all documents that [Plaintiffs] might choose to designate as" personally identifying information. *Fears v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-2515-JWL, 2000 WL 715819, at *2 (D. Kan. May 30, 2000). Courts reject such broad requests. *Id. See also Steede v. Levy*, No. 25-CV-2136-DDC-TJJ, 2025 WL 1927722, at *3 (D. Kan. July 14, 2025) (finding proposed definition of confidential information that includes "[a]ny business records" to be overly broad).

Plaintiffs' proposed protective order is also vague. Courts do not permit "vague and sweeping definitions of confidential information" in protective orders. *Steede*, 2025 WL 1927722, at *3. For example, "[l]anguage such as 'this protective order shall apply to all business records' is too vague." *Id.* at n.15 (cleaned up). In *Michael v. Charter Commc'ns, Inc.*, the plaintiff moved for a protective order, requesting "all filings with 'personally identifiable information' be redacted of such information." No. 4:17 CV 1242 JMB, 2017 WL 2833404, at *2 (E.D. Mo. June 30, 2017). The court deemed this request "nebulous." Compare that to how the Tenth Circuit approaches this issue: in *Luo v. Wang*, 71 F.4th 1289 (10th Cir. 2023), the plaintiff filed a motion to redact identifying information in other cases that "discloses her identity as the pseudonymous plaintiffs." *Id.* at 1303. The Tenth Circuit granted the motion and defined "identifying information" with clear, specific categories: "'Identifying information' is limited to

6

case names, case numbers, and other case citation information that directly identifies those cases." *Id.* at 1304.

Here, Plaintiffs' proposed protective order uses vague provisions and terms. Plaintiffs' proposed protected information includes "any" information that "could" be used to identify a Student Plaintiff, and "information that identifies . . . [an]other individual" or a "closely-associated person." Without clear guardrails, Plaintiffs may claim large swaths of information as "personally identifying information." Such vagueness and lack of clarity will also lead to disputes regarding redactions and what can be disclosed to others. But protective orders are intended to "secure the just, speedy, and inexpensive determination of civil disputes." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979) (cleaned up). Plaintiffs' vague proposed order will run counter to such purposes.

Moreover, determining whether a witness is a "closely-associated" person of a Student Plaintiff or if the identity of an individual could permit identification of a Student Plaintiff will not be a simple nor mechanical process. The vagueness problem is compounded by Plaintiffs' express qualification that personally identifying information has "no[] limitation." Under these vague provisions, if Defendants disclose to a key witness information that does not directly relate to a Student Plaintiff, Plaintiffs could still claim that Defendants violated the protective order by disclosing "personally identifying information." Plaintiffs essentially request that Defendants walk through hidden landmines throughout this entire litigation. This runs counter to the purpose of a protective order.

2.  Plaintiffs' proposed order restricts customary disclosure approved by this Court

Plaintiffs' proposed protective order also unduly restricts Defendants. Plaintiffs' proposed order provides that personally identifying information "may be disclosed only to the

7

parties and their counsel." A mandate that personally identifying information may be only disclosed to parties and their counsel contravenes the SPO, and limits Defendants' ability to gather evidence, talk to witnesses, and engage experts.

The Court's SPO identifies certain categories of information as "Confidential." Confidential information may be disclosed to a technical advisor, including an expert, consultant, or investigator if that person signs an Acknowledgment and Agreement to be Bound. The Acknowledgment and Agreement to be Bound states that the undersigned agrees to be obligated to use the confidential information in accordance with the SPO and is prohibited from disclosing information contrary to the provisions of the SPO.

These provisions allow parties and their counsel to engage experts and provide confidential information to experts so that the experts can have a complete factual foundation for the basis of their opinions. Experts routinely receive confidential information and are entrusted with such information. *See, e.g., Steede*, 2025 WL 1927722, at *3 ("After agreeing to be bound to the protective order, third-parties are permitted to testify about and utilize confidential documents"). Plaintiffs' proposed order, however, seeks to prohibit Defendants from engaging in such routine discovery practices, as Plaintiffs' proposed protective order provides that personally identifying information "may be disclosed only to the parties and their counsel." Plaintiffs' proposed order would restrict Defendants' efforts to engage in discovery and obtain relevant information. Take, for example, that Plaintiffs assert that personally identifiable information includes "contextual factual material." Yet under Plaintiffs' proposed order, Defendants cannot provide such relevant contextual factual information to experts or consultants. Plaintiffs' proposed protective order restricts Defendants from preparing its defenses.

The Court should instead adopt the SPO's disclosure provisions that personally identifying information can be shared with those who agree to be bound by the SPO. This Court previously ordered the parties to follow the SPO's provisions in a case of a minor plaintiff who was sexually abused. In *Doe 1 v. Ogden City Sch. Dist.*, minor plaintiff Jane Doe sued Ogden School District because a junior high teacher sexually molested her. No. 1:20-CV-48-HCN-DAO, 2021 WL 4923728 (D. Utah Oct. 21, 2021). This Court ordered that:

> Jane Doe 1's personally identifying information be considered CONFIDENTIAL INFORMATION as defined by the court's Standard Protective Order. However, the parties and counsel may share Jane Doe 1's personally identifying information with
> a. All individuals identified in Paragraph 6(b) of the Standard Protective Order, and
> b. All witnesses, records custodians, and other individuals with facts and information related to the case who would likely already know the identity of Jane Doe 1 or her family.

*Id.* at *3.

The Court should order the same disclosure provisions here. There is no persuasive reason for this Court to depart from such practice of having the parties follow the SPO's disclosure provisions. And Plaintiffs make no argument to justify their proposed disclosure restrictions. *Cf. Norman*, 2025 WL 974261, at *2 ("The party that seeks the protective order bears the burden to show good cause."). Plaintiffs' Motion does not even attempt to argue why there's "good cause" to prohibit disclosure to technical advisors and witnesses who sign the Acknowledgment and Agreement to be Bound. Plaintiffs' Motion skips over the proposed provision entirely. Instead, Plaintiffs assert that "nothing in the proposed order limits Defendants' use of that information for legitimate litigation purposes." But that's exactly what the proposed order seeks to do – prohibit disclosure for legitimate litigation purposes to anyone other than the parties and their counsel.

Moreover, Plaintiffs' proposal contains no exemption for disclosing personally identifiable information to those who already are aware of Plaintiffs' identities. In *Doe 1*, this Court allowed the disclosure of personally identifying information to *all* witnesses and other individuals "and other individuals with facts and information related to the case who would likely already know the identity of Jane Doe 1 or her family." 2021 WL 4923728 *3. This makes sense. The sole justification Plaintiffs proffer for their proposed protective order is to protect the identity of the Student Plaintiffs. But if their identity is already known to individuals with relevant information, there is no justification to prohibit Defendants from disclosing personally identifying information to those individuals. Plaintiffs have not shown good cause to restrict this type of disclosure. The Court should therefore allow this disclosure.

## CONCLUSION

For the reasons stated above, the Court should enter an order that Student Plaintiffs' non-public personally identifying information be considered CONFIDENTIAL INFORMATION as defined by the Court's Standard Protective Order. This Court should further order that the parties and counsel may share Student Plaintiffs' non-public personally identifying information with: 1) All individuals identified in Paragraph (B)(1) of the Standard Protective Order; and 2) all witnesses, records custodians, and other individuals with facts and information related to the case who would likely already know the identity of a Student Plaintiff or family.

DATED: February 11, 2026

/s/ Jason Dupree
JASON DUPREE
Assistant Utah Attorney General
*Counsel for Defendants*